

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 12, 2019**

*Harlin DeWayne Hale*
_____
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: § | |
| § | |
| **Michael Allen Hernandez and** § | |
| **Josephine J. Hernandez,** § | Case No. 13-35389-hdh13 |
| § | |
| Debtors. § | |
| § | |

**MEMORANDUM OPINION AND ORDER (I) GRANTING
DEBTOR'S MOTION FOR A FULL-COMPLIANCE DISCHARGE
AND (II) DENYING DEBTOR'S MOTION FOR A HARDSHIP DISCHARGE**

This Court must determine if, in a joint case under Chapter 13 of the Bankruptcy Code, one debtor's failure to remain current on a post-petition domestic support obligation ("DSO") affects the co-debtor's right to receive a discharge, where the co-debtor certifies she is not liable on the DSO and that all payments under the confirmed plan have been completed. Because the plain language of 11 U.S.C. § 1328(a) provides that an individual debtor shall be granted a discharge upon completion of all payments under the plan and only requires that the debtor liable

for a DSO make a certification regarding the DSO, the Court finds that the co-debtor in this case is entitled to receive a discharge.

## I.      Relevant Factual Background

On October 22, 2013, Michael and Josephine Hernandez (the "Debtors") filed a joint petition for Chapter 13 bankruptcy as husband and wife [Docket No. 1] (the "Joint Petition"). The Debtors filed their Chapter 13 plan [Docket No. 14] (the "Plan") on November 5, 2013. The Court subsequently confirmed the Plan[1] on January 21, 2014. At the time the Debtors filed their Joint Petition and at the time their Plan was confirmed, neither debtor had a DSO.

Approximately two years into the Debtors' sixty-month Plan, Michael Hernandez ("Mr. Hernandez") became liable for a DSO, requiring him to make monthly payments for child support. Mr. Hernandez made some payments on the DSO, but missed many others. Mr. Hernandez acknowledges that he is now significantly delinquent on his DSO, and the Attorney General of Texas, Child Support Division (the "CSD") alleges the deficiency to be $20,709.61.

Co-debtor Josephine Hernandez ("Mrs. Hernandez"), was fully aware of Mr. Hernandez's post-petition DSO. In fact, she attended the state court hearing that resulted in the order that Mr. Hernandez make his DSO payments on a monthly basis beginning on December 1, 2015.[2] Moreover, the payments Mr. Hernandez did make on the DSO were paid from the Debtors' joint bank account.

The Debtors did not directly inform their bankruptcy attorney or the Chapter 13 Trustee (the "Trustee") of Mr. Hernandez's post-petition DSO. Consequently, the Debtors' Plan was never modified to include the Mr. Hernandez's DSO payments. This is unfortunate because if informed,

---

[1] Docket No. 19.

[2] The state court signed the final DSO on December 23, 2016.

Debtors' counsel or the Trustee likely would have moved to modify the confirmed Plan to provide for payment on Mr. Hernandez's priority DSO claim ahead of unsecured creditors. Mrs. Hernandez later testified credibly that she was unaware the confirmed Plan could have been modified. Despite this, the Debtors continued to make all their payments required under their confirmed Chapter 13 Plan. On November 7, 2018, the Trustee filed a certificate[3] stating that the Debtors had completed all Plan payments payable to the Trustee.

On November 16, 2018, Mrs. Hernandez moved for entry of her discharge pursuant to 11 U.S.C. § 1328(a) [Docket No. 38] (the "1328(a) Certification"), certifying that all payments under the Plan, at least as to her, have been completed. Alternatively, Mrs. Hernandez moved for entry of a hardship discharge under section 1328(b) [Docket No. 39] (the "Hardship Discharge Motion"), if the Court finds that all Plan payments have not been made. Mr. Hernandez does not seek a discharge because he is delinquent on his post-petition DSO and cannot make the required certification under section 1328(a).

The CSD and the Trustee filed responses[4] to the 1328(a) Certification and the Hardship Discharge Motion, but the CSD generally does not take a position as to Mrs. Hernandez's discharge request and admits that all payments under the Plan have been completed. The Trustee argues that Mrs. Hernandez should be denied a discharge because she was "unjustly enriched" by the surplus income derived from Mr. Hernandez's failure to make his DSO payments. The Trustee also argues that the Debtors' failure to modify the Plan demonstrates bad faith.[5] Notably, the

---

[3] *Trustee's Certificate of Chapter 13 Plan Payment Completion* [Docket No. 37].

[4] Docket Nos. 42 and 43.

[5] In his objection, the Trustee alleges "the totality of the circumstances demonstrates that Debtors were not acting in good faith" and that Mrs. Hernandez has "unclean hands." The Court disagrees and does not find the Debtors' failure to seek modification was done in bad faith. The Debtors' credible testimony demonstrated that, at most, they both were unsophisticated with the Chapter 13 process.

3

Trustee does not take the position that Mrs. Hernandez has not completed all the payments under the Plan.

The Court held a hearing to consider Mrs. Hernandez's 1328(a) Certification and Hardship Discharge Motion on December 13, 2018. At the hearing, Debtors' counsel and the Trustee addressed both issues, namely, whether Mrs. Hernandez is entitled to receive a full-compliance discharge under section 1328(a), or alternatively, is eligible to receive a hardship discharge under section 1328(b). Following the hearing, the Court took the matter under advisement.

## II. Jurisdiction and Venue

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this case is proper in this District pursuant to 28 U.S.C. § 1409(a).

## III. Section 1328(a)

This Court is asked to address whether section 1328(a) permits a joint debtor who has completed all of her plan payments and certified she is not personally liable on a DSO to receive a discharge, when her co-debtor cannot make such certification and is not entitled to a discharge because he is delinquent on a post-petition DSO. Debtors' counsel asks that the Court analyze each debtor individually in making a discharge determination and argues that the statutory language of section 1328(a) supports this approach. Specifically, Debtors' counsel argues that section 1328(a) references a singular, not plural, debtor who is entitled to receive a discharge upon completion of all payments under the plan, subject to certain exceptions and that the reference to "such debtor" in section 1328(a)'s DSO certification requirement reinforces his position that the requirement applies only to Mr. Hernandez and should not prevent Mrs. Hernandez from receiving a discharge.[6]

---

[6] Debtors' counsel filed a supplemental brief on January 8, 2019 while the Court had this matter under advisement. *See Supplemental Brief of Josephine Hernandez* [Docket No. 48].

4

Debtors' counsel also argues that denying Mrs. Hernandez a discharge based on Mr. Hernandez's failure to remain current on his DSO would effectively make Mrs. Hernandez liable for a debt on which she is not obligated.

Although the fact pattern of this case involving a post-petition DSO owed by only one spouse does not appear unusual, the Court is not aware of any case on point that directly addresses this issue. Nevertheless, the Court believes that the plain language of section 1328(a) supports granting Mrs. Hernandez a discharge.

This result requires an examination of section 1328(a) in the context of a joint case. Section 1328(a) provides, in relevant part:

> As soon as practicable after completion *by the debtor* of all payments under the plan, *and in the case of a debtor* who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, *after such debtor* certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid . . . *the court shall grant the debtor* a discharge of all debts provided for by the plan . . . .

(emphasis added).

Where, as here, the text of a statute is plain, "the sole function of the court[] is to enforce it according to its terms." *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). Section 1328(a) plainly states that the court shall grant a debtor a discharge of all debts provided for by the plan after completion by the debtor of all payments under the plan. Here, Mrs. Hernandez certified, and the Trustee agreed, that she has completed all payments under the confirmed Plan. Although the Trustee did not argue that the DSO qualifies as a "payment under the plan" so as to preclude Mrs. Hernandez's discharge, the Court acknowledges that the Debtors' Plan includes form language discussing payment of post-

petition DSOs.[7] It is unclear, however, whether that language makes the DSO a "payment under the plan" as outlined by the Fifth Circuit in *Kessler v. Wilson (In re Kessler)*, 655 F. App'x 242, 244 (5th Cir. 2016).[8] Even if it does, the form language contemplates a singular "Debtor," and should be interpreted to refer to the specific, individual debtor who owes the post-petition DSO. Debtors' counsel argued that this interpretation of the Plan is consistent with the plain language of section 1328(a) in this case, and the Court agrees. Mrs. Hernandez has completed all of her payments under the Plan because she owes no post-petition DSO.

This reading of section 1328(a) is further supported by the DSO certification requirement Congress added to the statute in 2005. It provides that "in the case of a debtor" who is required to pay a DSO, "such debtor" must certify that all amounts payable on that DSO have been paid before the Court shall grant a discharge. The Supreme Court recently interpreted the term "such" in the context of the Social Security Act. *See Culbertson v. Berryhill*, 139 S. Ct. 517, at 521-22 (2019). The Court provided that the adjective "such" refers to an already described subject in the statutory provision. *Id.* Accordingly, section 1328(a)'s reference to "such debtor" should refer only to the individual debtor who is required by a judicial or administrative order, or by statute to pay a DSO.[9] In the present case, Mrs. Hernandez is not "such debtor," as she is not liable on a pre-petition DSO

---

[7] Section 1(B)(3) of the Plan provides: "Prior to discharge, Debtor will pay all post-petition Domestic Support Obligations (as defined in § 101(14A)) directly to the holder(s) of such obligation(s), unless payment through the Plan as hereinafter provided is agreed to in writing by the respective holder(s) of the claim(s) or their agent(s)." Section 2(B) also provides: "Debtor will pay in full all Domestic Support Obligations that are due before discharge, including section 507(a)(1) Priority claims due before the petition was filed, but only to the extent provided for in this Plan."

[8] The Fifth Circuit's opinion dealt with post-petition mortgage payments and held that "payments under the plan" as defined by section 1328(a) includes maintenance payments made directly to a creditor under section 1322(b)(5).

[9] Bankruptcy courts have found that a DSO certification is not necessary when there is no evidence the debtor owed a DSO as contemplated by section 1328(a). *See, e.g.*, *In re Bouton*, No. 10-40989, 2013 Bankr. LEXIS 4231 (Bankr. S.D. Ga. Oct. 7, 2013); *In re Runfola*, No. 06-11140, 2011 Bankr. LEXIS 5072 (Bankr. E.D. Va. Dec. 21, 2011) (granting debtors' counsel waiver of DSO certification requirement where both debtors were deceased). Regardless, in her 1328(a) Certification, Mrs. Hernandez did separately certify that all amounts payable by her on a DSO as provided by section 1328(a) have been paid.

as provided by the Debtors confirmed Plan, nor is she liable on a post-petition DSO. Rather, it is Mr. Hernandez who is delinquent on DSO payments that arose during the Chapter 13 case.

That one debtor may receive a discharge under section 1328(a) and the co-debtor may not is also consistent with case law interpreting other Chapter 13 provisions of the Bankruptcy Code. *See, e.g.*, *In re Seligman*, 417 B.R. 171, 173 (Bankr. E.D.N.Y. 2009). In *Seligman*, the court addressed whether section 1307(a) required both debtors in a joint case to seek or agree to convert to a case under Chapter 7. *Id.* The court held that because Congress did not restrict this right to both debtors, when it certainly knew how to do so in the statute at issue, meant Congress intended to allow either debtor to request to convert to Chapter 7 in a joint Chapter 13 case. *Id.* Similarly in this case, Congress explicitly references an individual debtor in the context of discharge and the DSO certification requirement in section 1328(a).

This Court must also consider the consequences of otherwise penalizing Mrs. Hernandez, in effect holding her liable for her husband's post-petition DSO debt when she is not personally liable for such debt. It is well-established that the joint administration of a Chapter 13 case does not suddenly create new liability on a debt for one spouse that did not exist as to that spouse pre-petition. *See, e.g.*, *In re McCulley*, 150 B.R. 358, 360 (Bankr. M.D. Pa. 1993) (noting that joint administration, as opposed to consolidation, "has absolutely no impact on the legal rights and obligations of the Debtor[s], Creditors, or the Trustee"); *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998) ("Joint administration . . . [does] not affect the substantive rights of claimants or the respective debtor estates.").

Domestic support obligations are highly favored in bankruptcy and are not dischargeable debts. *See* 11 U.S.C. § 523(a)(5) (listing domestic support obligations among the exceptions to discharge). But here, the DSO at issue is Mr. Hernandez's separate, nondischargeable debt, not his

wife's. Because Mrs. Hernandez has satisfied all of her obligations under a plain reading of section 1328(a), the Court grants her a discharge.

### IV.  Section 1328(b)

In the alternative, Mrs. Hernandez sought a "hardship discharge" under 11 U.S.C. § 1328(b). Section 1328(b) permits the Court to "grant a discharge to a debtor that has not completed payments under the plan . . . ." Because the Court finds Mrs. Hernandez has completed such payments, section 1328(b) does not apply. Accordingly, Mrs. Hernandez's request for a hardship discharge is moot. *See In re Dowey*, 580 B.R. 168, 171 (Bankr. D.S.C. 2017) (finding the debtors' receipt of a hardship discharge under section 1328(b) mooted their request for discharge under section 1328(a) because "sections 1328(a) and 1328(b) are mutually exclusive"). However, in the interest of judicial economy, this Court will address the Hardship Discharge Motion, in the event a reviewing court determines this Court's grant of discharge under section 1328(a) is found to be in error.

A court may grant a debtor a hardship discharge only if three requirements are met. Section 1328(b) provides:

> At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.

8

Mrs. Hernandez would not be entitled to a hardship discharge in this case because she does not satisfy the first requirement of section 1328(b). Specifically, her "failure to complete such payments" is not "due to circumstances for which [she] should not justly be held accountable." The Debtors elected to file a Joint Petition and Plan. In addition, the Mrs. Hernandez was fully aware of Mr. Hernandez's DSO, and Mr. Hernandez's irregular payments on his DSO were made from the Debtors' joint bank account. The Debtors also failed to modify their Plan after Mr. Hernandez's DSO came into effect. Further, the Debtors did not inform the Trustee of the DSO, and Mrs. Hernandez did not seek to sever her case. While the Court does not believe these actions were done in bad faith based on the Debtors' credible testimony, all of these facts weigh against a finding that the debtor's failure to complete the Plan payments was due to circumstances for which the debtor should not justly be held accountable.[10]

The facts in this case are similar to the facts in *In re Roberts*, 247 B.R. 592, 593-94 (Bankr. D.R.I. 2000). In *Roberts*, the bankruptcy court denied the debtors' request for hardship discharge because the debtors did not meet the first prong of section 1328(b). *Id.* at 595. During the case, the debtor-husband had acquired a large amount of post-petition tax debt. *Id.* at 593-94. On appeal, the debtor-wife argued the bankruptcy court erred in denying her request for hardship discharge because the post-petition tax penalties were incurred by her husband alone. *See Roberts v. Boyajian (In re Roberts)*, 279 F.3d 91, 93 (1st Cir. 2002). The court of appeals affirmed the ruling of the bankruptcy court, highlighting that the debtor-wife's election to file a joint Chapter 13 petition and plan, her awareness of her husband's post-petition tax obligations, and her failure to seek severance of the case, all supported a denial of hardship discharge. *Id.* at 93-94. Therefore, Mrs. Hernandez's request for a hardship discharge is denied.

---

[10] Because the Court finds Mrs. Hernandez does not satisfy section 1328(b)(1), the Court need not analyze sections 1328(b)(2) and (3).

9

## V.     Conclusion

In conclusion, the Court finds that Mrs. Hernandez is entitled to receive a full-compliance discharge under a plain reading of 11 U.S.C. § 1328(a). Although the DSO delinquency precludes Mr. Hernandez from obtaining a discharge, it does not affect his wife's ability to receive one. This reading of section 1328(a) is consistent with bankruptcy case law that interprets similar language in the context of a Chapter 13 case. All Chapter 13 Plan payments, at least as to Mrs. Hernandez, have been paid. Accordingly, Mrs. Hernandez's 1328(a) Certification is granted, and her Hardship Discharge Motion is denied.  An order granting Mrs. Hernandez's discharge will be entered separately.

###End of Opinion###